# Third District Court of Appeal

## State of Florida

Opinion filed July 2, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0657
Lower Tribunal No. F16-18606
_____

**Tyrell Robinson,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Lody Jean, Judge.

Carlos J. Martinez, Public Defender, and Manuel Alvarez, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for appellee.

Before LINDSEY, GORDO and BOKOR, JJ.

PER CURIAM.

Affirmed. See Rodriguez v. State, 335 So. 3d 168, 171 (Fla. 3d DCA 2021) ("When the defendant in a criminal appeal challenges the sufficiency of the State's evidence, the appellate court conducts a *de novo* review of the trial record to ensure that the guilty verdict is supported by competent, substantial evidence regarding each element of the charged crime."); Garcia v. State, 373 So. 3d 1213, 1233 (Fla. 3d DCA 2023) ("An impermissible pyramiding of inferences occurs where at least two inferences in regard to the existence of a criminal act must be drawn from the evidence and then stacked to prove the crime charged; in that scenario, it is said that the evidence lacks the conclusive nature to support a conviction." (quotation omitted)); Scott v. State, 330 So. 3d 562, 563 (Fla. 4th DCA 2021) ("While the evidence showing that appellant was the victim's killer was circumstantial, the State put the evidence together like pieces of a puzzle, not by a stacking of inferences."); Johnston v. State, 774 So. 2d 952, 953 (Fla. 5th DCA 2001) ("Defense counsel objected and moved for mistrial, arguing that the victim's statement improperly informed the jury of Johnston's prior criminal history. Although the trial court denied the motion, it issued a curative instruction . . . . Florida courts have repeatedly held . . . the issuance of a curative instruction sufficient to rectify prejudice in similar cases."); Dolan v. State, 743 So. 2d 544, 546 (Fla. 4th DCA 1999) ("The videotape in this

2

case was properly admitted under the silent witness theory. Testimony established the location of and operation of the videotaping mechanism." (citation omitted)).